**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YING CHEN, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-1386-SLP |
| TODD BLANCE, et al., | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Ying Chen, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is Respondents' Response to Order to Show Cause [Doc. No. 9] (Response). Respondents indicate in the Response that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and that a bond redetermination hearing was anticipated. *See* Response [Doc. No. 9] at 4. On July 6, 2026, Respondents filed a Status Report [Doc. No. 10] indicating that Petitioner had been provided a bond hearing, pursuant to 8 U.S.C. 1226(a), on June 29, 2026. *See* Status Report [Doc. No. 10] at 1; Immigration Judge Order [Doc. No. 10-1].

As to her statutory claim, Petitioner alleged that she was being unlawfully held under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). However, Respondents' Response indicates that Petitioner was being detained pursuant to 8 U.S.C. § 1226(a) at the outset of her detention. *See* Response [Doc. No. 9] at 4; Warrant for Arrest of Alien [Doc. No. 9-4]; Notice of Custody Determination [Doc. No. 9-5]. Accordingly, the Court finds that Petitioner's statutory claim is subject to dismissal.

Petitioner alleges that her Fifth Amendment due process rights were violated as "her continued detention" under 8 U.S.C. § 1231 has become impermissibly long under the Supreme Court's framework in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Pet. [Doc. No. 1] at 7. However, as discussed above, Respondents are detaining Petitioner pursuant to 8 U.S.C. § 1226(a). Furthermore, Petitioner has not indicated that she is subject to a final order of removal which would place her into the detention provisions of § 1231.[1] Accordingly, the Court finds that Petitioner's due process claim is also subject to dismissal.

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is DISMISSED without prejudice.

A separate judgment shall be entered.

IT IS SO ORDERED this 3rd day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[1] The Petition appears to reference the factual circumstances of another individual at several points. *See*, *e.g.*, Pet. [Doc. No. 1] at 4 ("Petitioner Tuanqiang Huang . . ."). The Court strongly admonishes Petitioner's counsel of their obligations under Fed. R. Civ. P. 11.